## GILBERT *v.* DESHON *et al.*

(*Supreme Court, General Term, First Department.* October 16, 1891.)

1. REFERENCE—COMPENSATION OF REFEREE—EVIDENCE.

> It is error to allow the amount claimed as compensation by a referee when he does not state the number of days he was engaged, and offers no evidence to warrant fixing his compensation at the amount claimed.

**2.  SAME—EXCESSIVE CLAIM.**
　　Where the amount so claimed is larger than that which the time he was occupied, according to the affidavits of defendants' attorneys, would justify, the court should require the referee to submit a statement showing the basis of his claim.

Appeal from special term, New York county.

Action by John W. Gilbert against Henry S. Deshon and others for partition, and Margaret G. Westerfield intervened on the ground that her husband acted beyond his authority in making conveyances to defendant Deshon. In the contest between them, defendant Westerfield had judgment. Thereafter there was a reference of controversies between her and her counsel on the amount of his compensation; the chamberlain of the city of New York, in which the real estate involved in the suit was situated, having been ordered to retain in his hands a certain amount to cover such compensation. From an order directing the chamberlain to pay over $697 to the referee for his fees, and to pay the stenographer engaged before him, defendant Westerfield appeals.

Argued before VAN BRUNT, P. J., and INGRAHAM, J.

*E. H. Westerfield,* for appellant.  *John A. Balestier,* for respondents.

INGRAHAM, J.   The only evidence as to the time spent by the referee and the stenographer upon the reference was that contained in the affidavit of the defendants' attorney that there were 13 sessions, lasting at no time more than one hour, at which any substantial business of the reference was transacted, or at which anything was at all done, and that in the stenographer's minutes there were 122 pages of matter, equal to about 244 folios.   The referee does not state the number of days that he was engaged, and there is no evidence that would justify the court in taxing the fees either of the referee or the stenographer at the amount directed to be paid to them.   I think, therefore, that the court should either have denied the application, or, if a larger amount than that justified by the statement of the defendants' attorney as to the time occupied by the reference was claimed, should have required the referee to submit a statement showing the basis for his claim, and for a charge for the services of the stenographer.   The order should therefore be reversed, with $10 costs and disbursements, with leave to renew the motion at special term upon further affidavits.